UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO RODRIGUEZ,

    Plaintiff,

    v.

WARDEN, SOLANO STATE PRISON, et al.,

    Defendants.

No.  2:21-cv-00622 DB P

ORDER

Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants were negligent in providing plaintiff with medical care.  Before the court are plaintiff's motions to proceed in forma pauperis (ECF Nos. 3, 11), plaintiff's motion for appointment of counsel (ECF No. 2), and plaintiff's complaint for screening (ECF No. 1).  For the reasons set forth below, the court will grant plaintiff's motion to proceed in forma pauperis (ECF No. 11), deny plaintiff's previous motion to proceed in forma pauperis (ECF No. 3) as moot, and deny plaintiff's motion for appointment of counsel (ECF No. 2).  The court will dismiss plaintiff's complaint (ECF No. 1) with leave to amend.

////

////

////

////

1

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis (ECF No. 11) will be granted. Plaintiff's previous request to proceed in forma pauperis (ECF No. 3) will be denied as moot.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

2

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

////

3

concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III.    Allegations in the Complaint

Plaintiff states that, at all relevant times, he was a prisoner at California State Prison, Solano ("SOL").  (ECF No. 1 at 2.)  Plaintiff names approximately 18 individuals as defendants in the complaint (Id. at 5, 8, 10) though it is unclear what the specific claims are as to each of these defendants.

Plaintiff alleges the following in his complaint: plaintiff has a history of mental health issues beginning at an unstated date after he was transferred to the custody of the California Department of Corrections and Rehabilitation ("CDCR") on March 17, 1997.  (Id. at 8.)  Plaintiff received medication in connection with these mental health issues.  (Id.)  In 2008, plaintiff was placed on suicide watch four to five times due to being in a state of depression.  (Id.)  Plaintiff was removed from suicide watch sometime later that year.  (Id.)

////

4

On December 24, 2008, after plaintiff was taken off suicide watch, plaintiff informed an unnamed "Add Seg Officer" that he was "hearing voices and seeing things." (Id.) The officers "belaughed [sic] at me as if it was a joke." (Id.) Later that day, plaintiff also informed an unnamed nurse what he was experiencing but "the nurse…laughed at me and she said she was only there to pass out pills and medication." (Id.) The nurse then handed plaintiff "two bags of pills 90 of them." (Id. at 9.) When plaintiff told the nurse that he was being given too many pills "she laughed and said here is your medication and walked away without even checking to see if she was giving me to [sic] many pills." (Id.) Plaintiff heard voices telling him to take all of the pills. (Id.) The following day, December 25, 2008, plaintiff took "30 Abiliftys and 60 Benedriles" and needed to be transported to the hospital for treatment. (Id. at 10.) This included "pumping" the plaintiff's stomach. (Id.) Plaintiff "was unconscious for at least three days or longer" and spent a week in the hospital. (Id.)

At a later date, plaintiff's hand was injured during an altercation with other inmates. (Id.) Plaintiff had surgery to repair his hand. (Id.) Plaintiff never received "medical follow up care" and the stitches from his hand were not removed until he was transferred to another institution. (Id.)

## IV.   Does Plaintiff State a Claim under § 1983?

### A.  Possible Failure Exhaust Administrative Remedies

The complaint indicates that plaintiff may not have properly exhausted his administrative remedies at SOL prior to filing the instant action. (See ECF No. 1 at 2.) (stating prison officials did not respond to his administrative grievance and plaintiff "has done everything that he could do under the sircumstances [sic] to comply with the exhaustion or requirements.") As a demonstration of the exhaustion of administrative remedies is not a pleading requirement (see Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003)), and inmates are not required to specifically plead or demonstrate exhaustion in their complaints (see Jones v. Bock, 549 U.S. 199, 216 (2007)), the court will conduct a substantive screening of this action at this time. However, the plaintiff is warned that should defendants be ordered to respond to this action, any failure to exhaust that can be substantiated may be proffered by defendants as an affirmative defense in

1    support of the dismissal of this action. <u>See generally</u> <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th

2    Cir. 2014) (stating failure to exhaust is affirmative defense defendants must plead and prove).

3            **B. Substantive Claims**

4         Plaintiff states that he is bringing the claims in his complaint under 42 U.S.C. § 1983.

5    (ECF No. 1 at 1.) The complaint does not specify what constitutional rights the plaintiff alleges

6    the defendants violated. From examining plaintiff's complaint, there are two identifiable claims

7    that plaintiff is seeking to bring. The first occurred on December 24, 2008, when plaintiff was

8    allegedly provided with a large amount of medication which plaintiff took the following day,

9    resulting in his hospitalization. (<u>Id.</u> at 8-10.) The second occurred at an undisclosed later date

10    when plaintiff was not given post-surgery care for hand surgery he had received. (<u>Id.</u> at 10.)

11    Both claims appear to be best described as Eighth Amendment deliberate indifference to medical

12    need claims and will be analyzed as such.

13         Plaintiff may have intended to bring additional claims. However, only the two claims

14    mentioned are identified in the complaint's current form. In an amended complaint, plaintiff

15    should be sure to identify what constitutional violations he is alleging and how each defendant

16    participated in those violations.

17            **1. Legal Standard - Deliberate Indifference to Medical Needs**

18         The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S.

19    Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual

20    punishment prohibited by the Eighth Amendment. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986);

21    <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).

22    Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

23    and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited

24    by the Cruel and Unusual Punishments Clause." <u>Whitley</u>, 475 U.S. at 319.

25         If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner

26    must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference

27    to serious medical needs." <u>Estelle</u>, 429 U.S. at 106. An Eighth Amendment medical claim has

28    two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

response to that need." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" <u>McGuckin</u>, 974 F.2d at 1059 (quoting <u>Estelle</u>, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." <u>Id.</u> at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious medical need with deliberate indifference. <u>See</u> <u>Id.</u> at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. <u>Hutchinson v. United States</u>, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06); <u>see also</u> <u>Toguchi v. Soon Hwang Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); <u>McGuckin</u>, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" <u>Farmer</u>, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. <u>Estelle</u>, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show the delay was harmful. <u>See</u> <u>Hallett v. Morgan</u>, 296 F.3d 732, 745-46 (9th Cir. 2002); <u>Berry v. Bunnell</u>, 39 F.3d 1056, 1057 (9th Cir. 1994); <u>McGuckin</u>, 974 F.2d at 1059; <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990); <u>Hunt v. Dental Dep't</u>, 865 F.2d 198,

200 (9th Cir. 1989); <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See <u>Toguchi</u>, 391 F.3d at 1058; <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 2.  Analysis

#### i.  Negligence in Providing Plaintiff with Additional Medication

Plaintiff claims that his constitutional rights were violated by an unidentified nurse "neglect[ing] to check my medications to see how many pills to give me" (ECF No. 1 at 10) and providing plaintiff with more medication than necessary (<u>Id.</u> at 9).  Plaintiff alleges that this was the result of "medical neglect and negligence."  (<u>Id.</u> at 11.)  As stated above, plaintiff has not specified what constitutional rights were violated.  However, this appears to be most accurately viewed as an Eighth Amendment claim for deliberate indifference to plaintiff's serious medical needs.

For a claim of deliberate indifference to medical need to succeed, more than negligence or medical malpractice is necessary.  <u>Broughton</u>, 622 F.2d at 460; <u>Farmer</u>, 511 U.S. at 835.  Plaintiff must allege facts that show that the defendant's acted with deliberate indifference.  <u>Id.</u>  As plaintiff appears to claim that he was harmed due to the unidentified nurse's negligence, not her deliberate indifference, plaintiff has failed to allege facts sufficient to allege facts necessary to state a cognizable claim.

As such, this claim will be dismissed with leave to amend.  In an amended complaint, defendant must be sure to identify particular defendants and how they participated in the denial of plaintiff's constitutional rights.

////

1

### ii.   Failure to Provide Post-Surgery Care

2        Plaintiff also alleges that he was not provided with post-treatment care following surgery

3   he received on his hand. (ECF No. 1 at 10.)  Specifically, plaintiff alleges stitches that were

4   placed in his hand during surgery were not removed until he was later transferred to another

5   institution.  (Id.)  As with the previous claim, this also appears to be an Eighth Amendment claim

6   for deliberate indifference to plaintiff's serious medical needs.

7        Plaintiff again alleges in this claim that plaintiff's harm resulted from "medical neglect"

8   and "medical negligence."  (Id.)  As stated above, an allegation of negligence is insufficient to

9   establish deliberate indifference by the defendants.  Broughton, 622 F.2d at 460; Farmer, 511

10   U.S. at 835.  As such, plaintiff has failed to allege facts sufficient to state a claim for deliberate

11   indifference to medical needs.

12        Additionally, plaintiff has not identified any defendant specifically connected with this

13   claim nor has plaintiff alleged how individual defendants participated in the deprivation of

14   plaintiff's constitutional rights.  To bring a claim under § 1983, plaintiff must bring identify

15   defendants who personally participated in depriving plaintiff of his constitutional rights.  See

16   Jones, 297 F.3d at 934.  Plaintiff must identify the actions taken by the defendants and show an

17   actual link between those actions and the deprivation of plaintiff's rights.  See Ortez, 88 F.3d at

18   809.  As plaintiff has not identified which defendants were involved in this claim and how they

19   participated in depriving plaintiff of his constitutional rights, plaintiff has not alleged facts

20   sufficient to state this claim under § 1983.

21        For these reasons, this claim will be dismissed with leave to amend as plaintiff has failed

22   to allege sufficient facts to state a claim for deliberate indifference in violation of his Eighth

23   Amendment rights.

24                          **AMENDING THE COMPLAINT**

25        This court finds above that plaintiff's complaint fails to state a cognizable claim.

26   Plaintiff's complaint will be dismissed with leave to file an amended complaint stating claims

27   against any defendants identified in the complaint or any other defendant.

28   ////

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

### USAGE OF "DOE" DEFENDANTS

The use of John Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). Eventually, plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names.  Since by this order plaintiff will be granted leave to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of the Doe defendant without further assistance from the court.  He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

Further, "John Doe" defendant liability must also be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a specific person.  If plaintiff chooses to file an amended complaint, he shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights.  If plaintiff can only list these defendants as John Doe, plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 did Y."  Alexander v. Tilton, No. 1:07-cv-0759 LJO DLB, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

////

1    **MOTION FOR APPOINTMENT OF COUNSEL**

2         On December 7, 2020, plaintiff filed a document entitled "Request for Accommodations

3    by Persons with Disabilities and Response." (ECF No. 2.)  Given the purpose of this document is

4    to request that the court appoint counsel to assist the plaintiff (Id.), this appears to be a motion for

5    appointment of counsel.

6         The United States Supreme Court has ruled that district courts lack authority to require

7    counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

8    U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

9    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

10   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

11        The test for exceptional circumstances requires the court to evaluate the plaintiff's

12   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

13   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

14   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

15   common to most prisoners, such as lack of legal education and limited law library access, do not

16   establish exceptional circumstances that would warrant a request for voluntary assistance of

17   counsel.

18        In the present case, the court does not find the required exceptional circumstances.  As the

19   court will find that plaintiff's complaint does not state a cognizable claim, the court is unable to

20   determine plaintiff's likelihood of success on the merits.  Additionally, it does not currently appear

21   that plaintiff is unable to articulate claims pro se and the claims plaintiff seeks to bring do not

22   seem to involve complex legal issues.  As such, plaintiff's motion for appointment of counsel will

23   be denied without prejudice to its renewal at a later stage of the proceedings.

24   ////

25   ////

26   ////

27   ////

28   ////

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 11) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 3) is denied as moot.

4. Plaintiff's motion for appointment of counsel (ECF No. 2) is denied.

5. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

6. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

7. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 2, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil.Rights/S/rodr0622.scrn