UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RODRIGUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>WARDEN, SOLANO STATE PRISON, et al.,<br><br>  Defendants. | No. 2:21-cv-00622 DB P<br><br><br>ORDER |

Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants were deliberately indifferent to plaintiff's serious medical needs in violation of his Eighth Amendment rights. Presently before the court is plaintiff's First Amended Complaint ("FAC") for screening. (ECF No. 19.) For the reasons set forth below, the FAC will be dismissed with leave to amend.

////
////
////
////
////
////
////

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

1  Section 1983 suits).  Since a government official cannot be held liable under a theory of vicarious
2  liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has
3  violated the Constitution through his own individual actions by linking each named defendant
4  with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.
5  Id. at 676.

### III.   Allegations in the FAC

Plaintiff states that, at all relevant times, he was a prisoner at Correctional Training Facility ("CTF").  (ECF No. 19 at 4.)  Plaintiff lists approximately 15 defendants, plus an additional 20 unidentified doe defendants.  (Id. at 3.)  However, the FAC appears to only contain a claim against a single unnamed defendant ("Jane Doe Nurse").  (See Id. at 5.)  There are no claims against any other defendant.

The FAC contains the following allegations: Following plaintiff's transfer to CTF in 1999, plaintiff suffered from "a bad state of depression" which resulted in plaintiff being placed on "suicide watch" multiple times.  (Id. at 4.)  In 2008, plaintiff began "hearing voices and having hallucinations" again causing plaintiff to be "placed on suicide watch then placed on Adseg."  (Id.)  During this period, plaintiff received his prescribed medication of one Abilify and two Benadryls by daily delivery from prison nurses.  (Id.)  On December 24, 2008, defendant Jane Doe Nurse handed plaintiff "two bags of pills" that contained 30 Abilify and 60 Benedryl.[1]  (Id.)  Plaintiff took the pills and was later found on the floor unresponsive.  (Id. at 5.)  Plaintiff was airlifted to a hospital "where medical staff pumped plaintiff's stomach."  (Id.)  Plaintiff claims that defendant Jane Doe Nurse was aware of plaintiff's medical history as well as the fact that he had just recently been discharged from suicide watch.  (Id.)

Plaintiff alleges that, as a result of deliberate indifference by defendant, plaintiff "suffered and continues to suffer physical and mental injuries."  (Id. at 6.)  Plaintiff seeks relief in the form of various monetary damages in an unlisted amount.  (Id. at 7.)

---

[1] Plaintiff also states that defendant Jane Doe Nurse "laughed wen [sic] plaintiff tell her he was hearing the voice of his wife and seen tins [sic]" but the complaint appears to imply this was an unrelated incident. (ECF No. 19 at 5.)  However, the FAC does not make this fully clear.

**IV.     Does Plaintiff State a Claim under § 1983?**

**A. Possible Failure Exhaust Administrative Remedies**

As noted in the court's prior screening order (ECF No. 16), plaintiff indicates that he may not have properly exhausted his administrative remedies prior to filing the instant action.  (See ECF No. 19 at 6.) (stating that plaintiff filed an appeal but was unable to pursue it "due to been transfered [sic] and been placed on suicide watch several times.")  As a demonstration of the exhaustion of administrative remedies is not a pleading requirement (see Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003)), and inmates are not required to specifically plead or demonstrate exhaustion in their complaints (see Jones v. Bock, 549 U.S. 199, 216 (2007)), the court will conduct a substantive screening of this action at this time.  However, the plaintiff is again warned that should defendants be ordered to respond to this action, any failure to exhaust that can be substantiated may be proffered by defendants as an affirmative defense in support of the dismissal of this action.  See generally Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (stating failure to exhaust is affirmative defense defendants must plead and prove).

**B. Deliberate Indifference to Medical Needs**

**1. Legal Standard**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

5

1   other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

2         A medical need is serious "if the failure to treat the prisoner's condition could result in
3   further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974
4   F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include
5   "the presence of a medical condition that significantly affects an individual's daily activities." Id.
6   at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the
7   objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S.
8   825, 834 (1994).

9         If a prisoner establishes the existence of a serious medical need, he must show that prison
10  officials responded to the serious medical need with deliberate indifference. See Id. at 834. In
11  general, deliberate indifference may be shown when prison officials deny, delay, or intentionally
12  interfere with medical treatment, or may be shown by the way in which prison officials provide
13  medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

14        Before it can be said that a prisoner's civil rights have been abridged with regard to
15  medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,'
16  'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter
17  Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also
18  Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in
19  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth
20  Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of
21  mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for
22  the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

23        Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S.
24  at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a
25  plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th
26  Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;
27  Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,
28  200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 2. Analysis

Plaintiff has alleged sufficient facts to state a claim for deliberate indifference to plaintiff's serious medical needs in violation of his Eighth Amendment rights. The allegations in the FAC establish the existence of a serious medical need in the form of plaintiff's mental health difficulties and his recent and repeated placement on suicide watch. Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (stating that heightened suicide risk is a serious medical need). Plaintiff claims that defendant was aware of plaintiff's medical history including his recent stint on suicide watch. (ECF No. 19 at 5.) The allegation that defendant provided plaintiff with large quantities of pills also appears sufficient on screening to support a claim that defendant acted with deliberate indifference to the risk presented by plaintiff's history of suicide attempts. If true the facts in the FAC show the existence of a serious medical need, defendant's awareness of that need, and deliberate indifference despite that need.

Given the above, plaintiff has alleged sufficient facts in the FAC to state an Eighth Amendment medical needs claim against defendant. However, as discussed below, the FAC cannot be served as plaintiff's only states a claim against a single Doe defendant. Accordingly, the complaint will be dismissed with leave to amend.

### C. Doe Defendants

Plaintiff identifies the nurse who provided him with bags of pills as "Jane Doe Nurse" in the FAC. (ECF No. 19 at 5-6.) The use of John/Jane Does in pleading practice is generally disfavored – but it is not prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980);

Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). However, the court cannot serve a complaint with only Doe defendants. Montgomery v. Wong, 2:20-cv-1515 DB P, 2021 WL 1907161, at *4 (E.D. Cal. May 12, 2021). The court will grant plaintiff one final opportunity to amend the complaint.

Plaintiff is encouraged to use the time granted to attempt to determine the names of the Doe defendants. He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

Plaintiff is warned that if he fails to state a claim against any named defendant, the court will dismiss the action without prejudice to him refiling if he ever learns their true identities. Additionally, although dismissal of the amended complaint or any unidentified Doe defendants would be without prejudice, he is cautioned that there is a statute of limitations[2] within which a § 1983 action may be filed.

**AMENDING THE COMPLAINT**

As set forth above, plaintiff has failed to identify a defendant that could be served in this action. However, plaintiff will be given the opportunity to file an amended complaint. If plaintiff files an amended complaint, any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

---

[2] The statute of limitations for filing a § 1983 action is two years and California provides an additional two years tolling the statute of limitations based on the disability of imprisonment. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Civ. Proc. Code §§ 335.1, 352.1).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

////

////

# CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's First Amended Complaint (ECF No. 19) is dismissed with leave to amend.

2. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

3. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: April 7, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil.Rights/S/rodr0622.scrn(2).lta