UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RODRIGUEZ, | No. 2:21-cv-00622 DB P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN, SOLANO STATE PRISON, et al., | |
| Defendants. | |

Plaintiff, an inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants were deliberately indifferent to plaintiff's serious medical needs in violation of his Eighth Amendment rights. Presently before the court is plaintiff's Second Amended Complaint ("SAC") for screening. (ECF No. 21.) For the reasons set forth below, the court will give plaintiff the option of proceeding on his cognizable claims or being given leave to file an amended complaint.

////
////
////
////
////
////

...

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in

Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

### III. Allegations in the SAC

Plaintiff states that, at all relevant times, he was a prisoner at California State Prison Solano ("SOL"). (ECF No. 21 at 2.) Plaintiff names five defendants in this action: Registered Nurse ("RN") N. Sabati, RN G. Coder, RN Isaac Walatye, Dr. Kemal, and Dr. Boitor. (Id. at 3, 5.)

The SAC contains the following allegations: Plaintiff was placed on suicide watch "on or about December 6 or 12…." (Id. at 4.) Defendant Kemal or defendant Boitor prescribed plaintiff Propanolo, Busbar, Abilify[1], and Benadryl "all to be delivered by a Registered Nurse with an Officer present." (Id.) The prescription also instructed that plaintiff was to only receive "only one and to make sure the Patien swallow [sic]." (Id.) Defendants Sabati, Coder, and Walatye were assigned to deliver medication to prisoners in Ad Seg where plaintiff was located at the time. (Id. at 5.) On December 24, 2008, defendant Sabati arrived at plaintiff's cell with a correctional officer to give plaintiff his medication. (Id. at 4.) Defendant Coder was also present as the nurse assigned to sit outside plaintiff's cell. (Id.) Instead of a single pill, defendant Sabati gave plaintiff two bags containing thirty pills of Benadryl and sixty pills of Abilify. (Id.) Plaintiff was later found in his cell unresponsive and showing signs of overdose. (Id. at 6.) An outside hospital treated plaintiff for overdose and aspirated pills from plaintiff. (Id.)

Plaintiff claims that defendants Sabati, Coder, Walatye, Kemal, and Boitor were deliberately indifferent to plaintiff's serious medical needs as he was given large quantities of medication even though they were aware that plaintiff was suicidal. (Id. at 5.) Plaintiff seeks

---

[1] Plaintiff refers to this medication as both "Ability" and "Abilify" throughout the SAC. These appear to reference the same medication. For consistency purposes, the court will use the name "Abilify" in this order.

relief in the form of punitive and compensatory damages in the amount of thirty million dollars ($30,000,000.00).  (Id. at 10.)

### IV. Does Plaintiff State a Claim under § 1983?

#### A. Possible Failure Exhaust Administrative Remedies

As noted in the court's prior screening order (ECF No. 16), plaintiff again indicates that he may not have properly exhausted his administrative remedies prior to filing the instant action. (See ECF No. 21 at 4.) (stating that plaintiff filed an appeal but it was "lost [sic] due to [plaintiff being] housed in Adseg Suicidal Watch.")  As a demonstration of the exhaustion of administrative remedies is not a pleading requirement (see Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003)), and inmates are not required to specifically plead or demonstrate exhaustion in their complaints (see Jones v. Bock, 549 U.S. 199, 216 (2007)), the court will conduct a substantive screening of this action at this time.  However, the plaintiff is again warned that should defendants be ordered to respond to this action, any failure to exhaust that can be substantiated may be proffered by defendants as an affirmative defense in support of the dismissal of this action.  See generally Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (stating failure to exhaust is affirmative defense defendants must plead and prove).

#### B. Deliberate Indifference to Medical Needs

##### 1. Legal Standard

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has

two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must show that prison officials responded to the serious medical need with deliberate indifference.  See Id. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful.  See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059;

1   Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198,

2   200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

3   1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

4   provide additional support for the inmate's claim that the defendant was deliberately indifferent to

5   his needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

6         Finally, mere differences of opinion between a prisoner and prison medical staff or

7   between medical professionals as to the proper course of treatment for a medical condition do not

8   give rise to a § 1983 claim.  See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330,

9   332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662

10  F.2d 1337, 1344 (9th Cir. 1981).

11      **2. Analysis**

12          **i.  Registered Nurse N. Sabati and Registered Nurse G. Coder**

13        Plaintiff has alleged sufficient facts to state a claim against defendants Sabati and Coder

14  for deliberate indifference to plaintiff's medical needs.  The allegations in the SAC establish that

15  plaintiff purportedly had a serious medical need as plaintiff was facing mental health difficulties

16  and was found to be suicidal by his doctors.  Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir.

17  2010) (stating that heightened suicide risk is a serious medical need).  The SAC also alleges that

18  defendant Sabati, in the presence of defendant Coder, provided plaintiff with a large number of

19  pills despite the instructions from either defendant Kemal or Boitor that plaintiff was only to be

20  given a single pill under observation.  (ECF No. 21 at 4.)  This is sufficient to establish deliberate

21  indifference to those medical needs on screening.

22        Accordingly, plaintiff has alleged sufficient facts to state a cognizable Eighth Amendment

23  medical needs claim against defendants Sabati and Coder.

24          **ii.  Registered Nurse Isaac Walatye, Dr. Kemal, and Dr. Boitor**

25        The SAC does not contain sufficient alleged facts to state a claim against defendants

26  Walatye, Kemal, and Boitor.  Specifically, plaintiff fails to satisfy the linkage requirement which

27  provides that there must be an actual connection or link between the actions of the defendants and

28  the deprivation alleged to have been suffered by plaintiff.  See Ortez, 88 F.3d at 809; see also

1   Taylor, 880 F.2d at 1045.  Under the facts in the SAC, defendant Walatye was one of the RNs

2   assigned to deliver medication to plaintiff but was not present when plaintiff was given the large

3   quantities of medication.  (See ECF No. 21 at 4.)  Though plaintiff claims defendant Walatye was

4   aware of plaintiff's serious medical need, he does not include any facts which establish that

5   defendant Walatye performed any act or omission which violated or contributed to violating

6   plaintiff's rights.  Similarly, though defendants Kemal and Boitor were allegedly aware plaintiff

7   was suicidal, plaintiff does not allege any facts that show they were aware that plaintiff was given

8   large quantities of medication.  (See Id. at 4-8.)  In fact, plaintiff alleges that it was one or both of

9   these defendants who gave the specific instruction that plaintiff should be given only a single

10  dose under the supervision of multiple prison officials.  (Id. at 4.)

11       Given the above, plaintiff has failed to allege sufficient facts to state a cognizable claim

12  against defendants Walatye Kemal, and Boitor as the SAC fails to connect the actions of these

13  defendants to the deprivation of plaintiff's rights.  See Ortez, 88 F.3d at 809; see also Taylor, 880

14  F.2d at 1045.  As such, these claims are not cognizable, plaintiff may not proceed with them.  See

15  28 U.S.C. § 1915A(b)(1) & (2).  As the court has found above that the SAC contains cognizable

16  claims, plaintiff will be given the option to either proceed on his cognizable claims or be given

17  leave to file an amended complaint.

18       **C.  Plaintiff's Additional Claim**

19       The SAC may suggest that plaintiff may wish to state another claim in addition to his

20  Eighth Amendment medical needs claim.  (See e.g., ECF No. 21 at 5.)  It is unclear the nature of

21  plaintiff's claim or if it is even different from his medical needs claim.  On the form used by

22  plaintiff to complete his SAC, plaintiff has filed out the section entitled "Claim II" and has

23  indicated it is also an Eighth Amendment claim.  (Id.)  However, plaintiff has also marked three

24  boxes indicating the "issue involved" even though the form clearly instructs the plaintiff to only

25  mark one.  (Id.)  Further, one of the boxes marked states that this possible claim regards medical

26  care.  (Id.)  The factual allegations of the complaint do not appear to address a separate claim and

27  plaintiff later states at the end of this section that defendants showed "deliberate indifference

28  towards a serious medical need…."  (Id. at 8.)  Given the above, plaintiff has not alleged sufficient

facts to state any additional cognizable claims.  If plaintiff wishes to state additional claims against these or other defendants, he will be given the option to further amend his complaint.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The Second Amended Complaint (ECF No. 21) states a cognizable Eighth Amendment claim against defendants N Sabati and G. Coder for deliberate indifference to plaintiff's serious medical needs.
2. The Second Amended Complaint (ECF No. 21) fails to state any other cognizable claims.
3. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
4. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed.  Plaintiff may use the form included with this order for this purpose.
5. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  December 22, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/rodr0622.scrn(3).not

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN, SOLANO STATE PRISON, et al.,<br><br>    Defendants. | No.  2:21-cv-00622 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed immediately on his Eighth Amendment medical needs claim against Registered Nurse N. Sabati and Registered Nurse G. Coder.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_   Plaintiff wants to amend the complaint.

DATED:_____    _____

                                                      Antonio Rodriguez<br>
                                                      Plaintiff pro se