UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO STATE PRISON, et al.,<br><br>　　　　　Defendants. | No. 2:21-cv-00622-SCR-P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff Antonio Rodriguez, a state prisoner, proceeds pro se and in forma pauperis with a second amended civil rights complaint. (ECF No. 21.) On March 21, 2023, the court ordered that service of plaintiff's second amended complaint was warranted for defendant nurses N. Sabati and G. Coder (ECF No. 24.) On April 11, 2024, plaintiff requested an extension of time for the U.S. Marshal to serve the defendants. (ECF No. 39.) While that motion is now likely moot for the reasons explained below, to the extent it matters, and good cause appearing, plaintiff's request for an extension of time is granted. However, the U.S. Marshal service has been unable to locate defendant Coder with the information provided by plaintiff. Plaintiff's claims against defendant Coder should be dismissed without prejudice at this time.

**Extension of Time for Service**

Federal Rule of Civil Procedure 4 provides:

　　If a defendant is not served within 90 days after the complaint is filed,

1

> the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4.

Because plaintiff proceeds in forma pauperis, the court ordered the U.S. Marshal service to serve the summonses and complaints on the defendants. See Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and … should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotation marks and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 (1995). Accordingly, plaintiff's request for an extension of time for service (ECF No. 39) is granted.[1]

**Status of Service and Recommendation to Dismiss Coder**

On August 26, 2024, a third amended "CDCR Notice of E-Service Waiver" was filed indicating defendant Sabati intends to waive personal service.[2] (ECF No. 47.) Like the previous notices filed, the third amended Notice of E-Service Waiver indicates CDCR cannot waive service on behalf of defendant Coder, who has not been located. (Id.; see also ECF Nos. 28, 42, 43.)

On May 22, 2023, the court informed plaintiff that process directed to defendant Coder had been returned unserved because CDCR could not identify the individual for service. (ECF No. 30.) Plaintiff was directed to provide additional information to serve defendant Coder at that time. (Id.) Plaintiff complied with the order (ECF No. 35), but the U.S. Marshal service was still

---

[1] Now that one defendant has waived service and the other cannot be located, see below, plaintiff's motion for extension of time is likely moot as a practical matter.
[2] A return of service filed on July 31, 2024, indicates defendant Sabati was also served by personal service. (ECF No. 45.)

unable to locate defendant Coder with the further information provided by plaintiff. (See ECF Nos. 42, 43, 47.)

Thus, plaintiff was given notice that defendant Coder could not be found and has had the opportunity to provide additional information to serve defendant Coder. However, plaintiff has not provided sufficient information to locate defendant Coder for service of process. Accordingly, plaintiff's claims against defendant Coder should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) at this time.

In accordance with the above, IT IS ORDERED as follows:

1. The Clerk of the Court shall assign a district judge to this case.
2. Plaintiff's motion for an extension of time for service (ECF No. 39) is granted.

In addition, for the reasons set forth above, IT IS RECOMMENDED that plaintiff's claims against defendant Coder be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 16, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE