UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>SOLANO STATE PRISON, et al.,<br><br>Defendants. | No. 2:21-cv-00622 KJM SCR P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Before the undersigned is defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds the action was filed beyond the mandatory statute of limitations. (ECF No. 57.) Plaintiff has filed an opposition in which he contends that he is entitled to equitable tolling based on his mental illness. (ECF No. 58.) He attached to his opposition unauthenticated exhibits attesting to his mental health housing assignments and related mental health treatment during the purported tolling period. (Id. at 5-10.) Defendant has filed a reply urging the undersigned not to consider plaintiff's exhibits or, in the alternative, to disregard them as too vague and conclusory to qualify for tolling. (ECF No. 59 at 3-4.)

"Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to resolution on a Rule 12(b)(6) motion.'"

Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993)).  Accordingly, because plaintiff has asserted equitable tolling in his opposition and the parties have engaged with plaintiff's exhibits attached thereto, the undersigned finds it appropriate to convert defendant's motion to dismiss to a motion for summary judgment.  See Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988) (parties in agreement that "plaintiff's reliance on equitable tolling converted the [12(b)(6)] motion into one for summary judgment"); Graham v. Runnels, No. 2:07-cv-2291 LKK GGH P, 2009 WL 2407690, at *2 (E.D. Cal. Aug. 4, 2009) ("Plaintiff's reliance on equitable tolling … has converted this motion into one for summary judgment"), report and recommendation adopted, No. 2:07-cv-2291 LKK GGH P, 2009 WL 2948526 (E.D. Cal. Sept. 14, 2009); Masse v. Clark, No. 06-cv-5375 RBL KLS, 2007 WL 1468820, at *1 (W.D. Wash. May 18, 2007) (converting 12(b)(6) motion into summary-judgment motion where defendant's reply addressed opposition exhibits supporting plaintiff's equitable tolling arguments).

      Because plaintiff is a state prisoner proceeding pro se, the undersigned finds it necessary to take additional precautions.  Generally, a defendant moving for summary judgment must contemporaneously serve with the motion a Rand Notice informing the prisoner-plaintiff of the requirements for opposing a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  See Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  Because such notice is not provided by the filing of a motion under Rule 12(b)(6), the undersigned has attached it here for plaintiff's review.  Additionally, in an abundance of caution, the undersigned will permit plaintiff additional time to supplement his opposition to defendant's pending motion with affidavits or further exhibits should he have any.  See Graham, 2009 WL 2407690, at *1 n.1 (noting that, by separate order, the court had permitted plaintiff to file a supplement to his opposition after converting 12(b)(6) motion and providing plaintiff with Rand notice).

      Accordingly, IT IS HEREBY ORDERED that plaintiff, within thirty (30) days of service of this order, may submit any affidavits or further exhibits in support of his opposition to the pending motion to dismiss his complaint as barred by the applicable statute of limitations, which

2

has been converted to a motion for summary judgment, due to plaintiff's reliance on equitable tolling as the primary ground of his opposition.

DATED: July 15, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(*l*).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).