UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RODRIGUEZ, | No. 2:21-cv-00622 KJM SCR P |
| Plaintiff, | |
| v. | ORDER AND |
| SOLANO STATE PRISON, et al., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff is incarcerated in state prison and proceeds pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983. Defendant Sabati, the sole remaining defendant, has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds the action was filed beyond the mandatory statute of limitations. (ECF No. 57.) After plaintiff invoked equitable tolling in his opposition (ECF No. 58), the undersigned converted defendant's motion to dismiss to a motion for summary judgment. (ECF No. 60). For the reasons set forth below, the undersigned recommends that defendant's motion for summary judgment be granted.

**PROCEDURAL BACKGROUND**

This action proceeds on plaintiff's second amended complaint ("SAC") filed on May 11, 2022. (ECF No. 21.) At all relevant times, plaintiff was a prisoner at California State Prison Solano ("SOL"). (Id. at 2.) The SAC named five defendants: Registered Nurse ("RN") N. Sabati, RN G. Coder, RN Isaac Walatye, Dr. Kemal, and Dr. Boitor. (Id. at 3, 5.)

1

The SAC alleges plaintiff was placed on suicide watch "on or about December 6 or 12" of 2008. (ECF No. 21 at 4.) Defendant Kemal or defendant Boitor prescribed plaintiff Propanolo, Busbar, Abilify, and Benadryl "all to be delivered by a Registered Nurse with an Officer present." (Id.) The prescription also instructed that plaintiff was to receive "only one" pill and to make sure he swallowed. (Id.)

Defendants Sabati, Coder, and Walatye were assigned to deliver plaintiff's medication while he was in administrative segregation. (ECF No. 21 at 5.) On December 24, 2008, defendant Sabati arrived at plaintiff's cell with a correctional officer to give him his medication. (Id. at 4.) Defendant Coder was also present as the nurse assigned to sit outside plaintiff's cell. (Id.) Instead of a single pill, defendant Sabati gave plaintiff two bags containing thirty pills of Benadryl and sixty pills of Abilify, respectively. (Id.) Plaintiff was later found in his cell unresponsive and showing signs of overdose. (Id. at 6.) An outside hospital treated plaintiff for overdose and aspirated pills from plaintiff. (Id.)

Plaintiff claims that defendants Sabati, Coder, Walatye, Kemal, and Boitor were deliberately indifferent to plaintiff's serious medical needs as he was given large quantities of medication even though they were aware that plaintiff was suicidal. (ECF No. 21 at 5.) Plaintiff seeks relief in the form of punitive and compensatory damages. (Id. at 10.)

Upon screening the SAC under 28 U.S.C. § 1915A, the previously assigned magistrate judge determined plaintiff stated cognizable Eighth Amendment deliberate indifference to medical needs claims against defendants Sabati and Coder only. (ECF No. 22 at 7-8.) Plaintiff was given the option of proceeding on his cognizable claims or filing a third amended complaint. (Id. at 9.) Plaintiff opted to proceed on his cognizable claims. (ECF No. 22.) Defendant Coder was subsequently dismissed form the action without prejudice after the U.S. Marshal service was unable to locate defendant Coder for service. (ECF No. 49 at 2-3; ECF No. 52.)

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.     The Parties' Motion to Dismiss Briefing**

Defendant moves to dismiss plaintiff's SAC on grounds it is barred by the statute of limitations. (ECF No. 57-1 at 1.) Defendant asserts that plaintiff's claim is subject to a four-year

year statute of limitations period – two years under California's limitations period for personal injury actions, Cal. Civ. Proc. Code § 335.1, plus two years of statutory tolling for prisoners under Cal. Civ. Proc. Code § 352.1. (Id. at 4.) Defendant further contends that the statute of limitations began to run in December 2008 when plaintiff's claim accrued, yet plaintiff did not file his original complaint in this action under December 17, 2020, nearly twelve years later.[1] (Id. at 5.) Finally, defendant maintains that granting plaintiff leave to amend would be futile given the length of time since these claims accrued. (Id. at 5-6.)

Plaintiff opposes defendant's motion on grounds there are genuine issues as to whether he is entitled to "equitable and/or statutory" tolling based on his mental illness. (ECF No. 58.) Plaintiff maintains the statute of limitations did not begin to run until August 29, 2017, when he returned to general population after years of being "in and out" of mental illness and receiving mental health outpatient treatment. (Id. at 3.) Plaintiff attached a log of his health assessments between October 1999 and December 2024 that describe the location of his mental health treatments and housing unit. (Exh. A, id. at 5-10.) He claims these log entries show three periods where plaintiff was "suffering from mental impairment" and placed in Correctional Clinical Case Management System ("CCCMS") housing: (1) April 27, 1999 to March 27, 2009; (2) April 1, 2009 to April 2, 2013; and (3) July 24, 2013 to August 29, 2017. (Id. at 2.).

On reply, defendant counters that plaintiff is not entitled to equitable or statutory tolling. Regarding equitable tolling, defendant argues that the SAC alleges no facts concerning timely notice to the defendant and that permitting the case to move forward would be prejudicial because it is likely that witnesses and relevant documents are no longer available. (ECF No 59 at 2.) Defendant also contends that there is no showing of good faith or reasonable conduct by Plaintiff given the length of time since the cause of action accrued. (Id.) Finally, defendant argues that plaintiff's arguments regarding his incapacity are too "vague and conclusory" to support statutory tolling under California Civil Procedure Code § 352(a), which tolls a cause of action during the time when a person "lack[s] the legal capacity to make decisions[.]"

---

[1] Plaintiff filed this case in the Northern District of California. It was transferred to this District in 2021.

3

## II. Conversion to Motion for Summary Judgment

On July 16, 2025, the undersigned converted defendant's motion to dismiss to a motion for summary judgment. (ECF No. 60.) Conversion was appropriate because plaintiff asserted equitable tolling in his opposition and the parties engaged with plaintiff's exhibits regarding his mental health treatment and housing. (Id.) Because plaintiff is proceeding pro se, the undersigned also took the additional precautions of providing a Rand notice and granting plaintiff thirty days to supplement his opposition with affidavits or further exhibits. (Id.)

Plaintiff submitted a supplemental opposition on September 11, 2025, after receiving an extension of time. (ECF No. 63.) Plaintiff again argues that his mental illness, mental health housing, and placement on suicidal watch create genuine issues regarding his capacity. He included an updated inmate health assessment log reflecting his mental health housing from October 1997 to July 2025. (Id. at 8-12.) Plaintiff also submitted the supporting declaration of R. Drumm, his former cellmate and close friend for many years. Mr. Drumm writes:

> During those years, I've noticed that my friend has some mental issues not limit[ed] with trying to harm himself, being a EOP CCC inmate. . . . Today Mr. Rodriguez knows he has a problem and has been seeking help not only by me but other inmates that he trust[s] to talk to about his problem. Please know that today Mr. Rodriguez is a changed man. Please help him to receive relief from the claims and relief on the litigation that he has filed.

(Declaration of R. Drumm ¶ 3, ECF No. 63 at 14-15.)

## LEGAL STANDARD

### I. Summary Judgment

Summary judgment is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

4

materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

1    The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to
2    see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Adv. Comm.
3    Note to 1963 Amendments to Fed. R. Civ. P. 56(e)).

4        In resolving the summary judgment motion, the evidence of the opposing party is to be
5    believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the
6    facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475
7    U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
8    obligation to produce a factual predicate from which the inference may be drawn. See Richards
9    v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902
10   (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than
11   simply show that there is some metaphysical doubt as to the material facts.... Where the record
12   taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
13   'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

14   **II.    Applicable Limitations Period**

15       For § 1983 actions, the court applies California's "statute of limitations for personal injury
16   actions, along with the forum state's law regarding tolling, including equitable tolling, except to
17   the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927
18   (9th Cir. 2004); see also Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002).

19       "California's statute of limitations for personal injury claims is two years." Butler v.
20   Nat'l Cmty. Renaissance of Cal., 766 F.3d 1191, 1198 (9th Cir. 2014); see Cal. Civ. Proc. Code §
21   335.1. This limitations period is statutorily tolled for a person who is, "at the time the cause of
22   action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal
23   court for a term less than for life," and "the time of that disability is not a part of the time limited
24   for the commencement of the action, not to exceed two years." Cal. Civ. Proc. Code § 352.1(a);
25   see Johnson v. State of Cal., 207 F.3d 650, 654 (9th Cir. 2000). Thus, under § 335.1 and § 352.1,
26   a prisoner serving a term less than life in California may have up to four years to file a § 1983
27   claim. See Cato v. Darst, No. 2:17-cv-1873 TLN EFB P, 2019 WL 2249636, at *2 (E.D. Cal.
28   May 23, 2019).

6

While federal courts borrow rules for equitable tolling from the forum state, see Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993), federal law determines when a cause of action accrues and when the statute of limitations starts to run in a § 1983 action. Wallace v. Kato, 549 U.S. 384, 388 (2007). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). "[A] § 1983 action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed." Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir. 2002).

## DISCUSSION

### I.   Whether Plaintiff's Claim is Time-Barred

It is the defendant's burden to prove that plaintiff filed his claims after the expiration of the statute of limitations. Payan v. Aramark Management Servs. Ltd. Partnership, 495 F.3d 1119, 1122 (9th Cir. 2007). Here, defendant does not dispute that plaintiff's claim is subject to a four-year statute of limitations.[2] (ECF No. 57-1 at 7.) But defendant asserts plaintiff's claim accrued in late December 2008 and that he did not file his original complaint until December 17, 2020, nearly twelve years later. (Id.)

Plaintiff does not dispute that his claim is subject to a four-year statute of limitations or that, absent statutory or equitable tolling, his claim would be time-barred. Plaintiff's only non-tolling argument is that the court's screening order precludes dismissal on statute of limitations grounds. (ECF No. 58 at 1.)

Plaintiff is mistaken. On screening, "[t]he sole issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine." See Cervantes, 5 F.3d at 1277 (emphasis in original). Thus, the screening in of plaintiff's claim does not foreclose defendant from raising a

---

[2] To support plaintiff's eligibility for tolling under § 352.1(a), defendant requests judicial notice of CDCR locator system records reflecting that plaintiff is not serving a life sentence without the possibility of parole. (ECF No. 57-2.) Defendant's request is granted. See Pacheco v. Diaz, No. 1:19-cv-0774 SAB PC, 2019 WL 5073594, at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of CDCR's Inmate Locator system), report and recommendation adopted, No. 1:19-cv-0774 LJO SAB PC, 2019 WL 5063451 (E.D. Cal. Oct. 9, 2019).

failure to comply with the statute of limitations at a later point in the proceedings. See id. at 1276 ("California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation."). Accordingly, defendant has met the initial burden of proving plaintiff's claim is time-barred.

### II. Tolling

#### A. Statutory Tolling, Cal. Civ. Proc. Code § 352(a)

Once a defendant establishes a claim is time-barred, the burden shifts to plaintiff to show he is entitled to equitable tolling. United States v. Marolf, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999). In his opposition, plaintiff asserts that he is entitled to "equitable and/or statutory" tolling because he was mentally ill at the time of facts that gave rise to his action. The undersigned construes plaintiff's argument as raising statutory tolling under California Civil Procedure Code § 352(a).

Section 352(a) states in relevant part: "If a person entitled to bring an action …is, at the time the cause of action accrued … lacking the legal capacity to make decisions, the time of the disability is not part of the time limited for the commencement of the action." Id. For tolling to apply, the disability must exist when the cause of action accrued. Id. § 357. Tolling lasts only until the plaintiff regains capacity. Estate of Stern v. Tuscan Retreat, Inc., 725 F. App'x 518, 522 (9th Cir. 2018) (citing § 352(a) and Feeley v. S. Pac. Transp. Co., 285 Cal.Rptr. 666, 667 (Cal. Ct. App. 1991)).

The fact of some mental impairment does not, by itself, warrant tolling under § 352(a). Lang v. Sacramento Sheriff Dep't, No. 2:14-CV-0777 EFB P, 2017 WL 1093838, at *2 (E.D. Cal. Mar. 23, 2017) (collecting cases). Rather, § 352(a) only applies where the individual is "incapable of caring for [his] property or transacting business or understanding the nature or effects of [his] acts." Estate of Stern, 725 F. App'x at 521 (citing Alcott Rehab. Hosp. v. Superior Court, 112 Cal.Rptr.2d 807, 812 (Cal. Ct. App. 2001)). "[T]he basic question ... is whether [plaintiff was] sufficiently aware of the nature or effects of h[is] acts to be able to comprehend such business transactions as the hiring of an attorney and the instigation of a legal action." Id. (quoting Hsu v. Mt. Zion Hosp., 66 Cal. Rptr. 659, 666 (Cal. Ct. App. 1968)).

8

     Here, defendant argues that "[t]here is no indication, and Plaintiff does not allege," that receiving mental health care "prevented him from timely filing this lawsuit." (ECF No. 59 at 1-2.) The undersigned agrees. Plaintiff's evidence establishes only (1) his placement in mental health housing for different periods of his incarceration, including when his cause of action accrued in December 2008; and (2) that he has made admirable progress in his mental health treatment. Plaintiff has not put forth any evidence that his mental health disabilities prevented him from caring for his property, transacting business, or understanding the nature or effects of his actions. Without such evidence, plaintiff has not established his incapacity as a triable issue.

     Further, it is well-established that mental health placement alone does connote incapacity for purposes of § 352(a). "[A] person who is adjudged mentally ill for commitment purposes may nevertheless be capable of transacting business and carrying out her affairs, either during occasional lucid intervals or throughout her hospitalization." Est. of Stern, 725 F. App'x at 522 (quoting Hsu, 66 Cal.Rptr. at 666); see also Lang, 2017 WL 1093838, at *2 (finding plaintiff failed to satisfy § 352(a) where he alleged only that he had been confined to psychiatric institutions for nine years). The undersigned cannot infer plaintiff's incapacity under § 352(a) solely from his placement in mental health housing and receipt of mental health services. Moreover, the majority of plaintiff's time involving a mental health placement between 2008 and 2017 was in the Correctional Clinical Case Management System, ECF No. 63 at 9-10, the lowest level of mental health care within California's prison system. This further undermines any inference plaintiff would otherwise have the court draw that he lacked legal capacity. See Jones v. Jacobs, No. C 11–1340 SI, 2011 WL 5320983, at *2 (N.D. Cal. Nov. 2, 2011) (denying six years of equitable tolling in a habeas action where "[t]he records [petitioner] submitted … show that he is at the lowest level of care in that system (i.e., the CCCMS level), except for a rare move to the higher level of care in a mental health crisis bed ("MHCB") when he expressed thoughts of suicide or intent to harm others").

     Finally, under plaintiff's theory, the tolling period is made up of three periods of incapacity separated by placements in general population. But even assuming plaintiff was incapacitated for purposes of § 352(a) at the time the claim accrued, when he was apparently in a

9

1  Mental Health Crisis Bed, ECF No. 63 at 10, his separate periods of disability "cannot be 'tacked'
2  onto another so as [to] artificially to extend the time the limitations period commences."
3  Gutierrez v. Butler, No. S-06-2684 LKK EFB P, 2008 WL 436948, at *2 (E.D. Cal. Feb. 14,
4  2008) (citations omitted), report and recommendation adopted, No. CIV S-06 2684 LKK EFB P,
5  2008 WL 795006 (E.D. Cal. Mar. 25, 2008).  The four-year limitations period would have
6  restarted at the end of the first disability in March 2009, and "[o]nce the cause of action has
7  accrued and the statute commences, no subsequent disability will suspend it." Zuniga v. Bank of
8  Am. N.A., No. CV 14-6471 MWF, 2014 WL 7156403, at *3 (C.D. Cal. Dec. 9, 2014).
9       The undersigned is sympathetic to plaintiff's struggles with mental illness.  But plaintiff's
10 time-barred claim cannot proceed without specific evidence that he was unable to bring this suit
11 during the period of alleged incapacity.  Accordingly, plaintiff has not met his burden of showing
12 an entitlement to statutory tolling under Cal. Civ. Proc. Code § 352(a).

### B. Equitable Tolling

14     On reply, defendant also argued that plaintiff is not entitled to equitable tolling under
15 California law.  (ECF No. 59.)  Federal courts have questioned whether California's equitable
16 tolling principles apply in situations involving mental capacity.  See, e.g., Jackson v. Ebrahim,
17 No. CV 23-10700 GW KSX, 2025 WL 1720172, at *6 (C.D. Cal. May 14, 2025) ("Indeed, one
18 would question what the purpose of Section 352(a) would be if there were an amorphous
19 equitable principle operating on top of what that form of statutory tolling would require.").
20 Because plaintiff's claim ultimately cannot be saved under statutory or equitable tolling, the
21 undersigned will address equitable tolling under California law.
22     "Equitable tolling under California law operates independently of the literal wording of
23 the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure
24 fundamental practicality and fairness." Jones, 393 F.3d at 928 (citing Lantzy v. Centex Homes,
25 31 Cal.4th 363 (2003)) (cleaned up).  "The purpose of California's equitable tolling doctrine 'is to
26 soften the harsh impact of technical rules which might otherwise prevent a good faith litigant
27 from having a day in court.'"  Id. (citing Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d
28 1131, 1137 (9th Cir. 2001) (en banc)).

"Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (citation omitted); see also Lantzy, 31 Cal.4th 363 at 370 ("This court has applied equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.").

California courts apply the three-part test cited in Fink in circumstances involving a plaintiff's attempt to seek relief in another forum or to otherwise resolve the dispute without litigation. See Cervantes, 5 F.3d at 1275 (9th Cir. 1993) (noting the factors apply to "[a] plaintiff's pursuit of a remedy in another forum"); Mitchell v. Snowden, No. 2:15-CV-1167 TLN AC P, 2019 WL 2285324, at *9 (E.D. Cal. May 29, 2019) (collecting cases), report and recommendation adopted, No. 2:15-CV-1167 TLN AC, 2019 WL 11553745 (E.D. Cal. Aug. 13, 2019). Here, there is no evidence that plaintiff filed his claim in another forum or otherwise tried to resolve the dispute before filing this lawsuit. This ends the equitable tolling inquiry because without evidence of such efforts, the undersigned cannot apply the remaining factors.[3] See Daviton, 241 F.3d at 1140 (all three prongs of the Fink standard must be satisfied). Accordingly, plaintiff is not entitled to equitable tolling.

### C. Conclusion

It is undisputed that plaintiff's claim, filed nearly twelve years after accrual, is barred by the statute of limitations. Because plaintiff has failed to establish that he is entitled to statutory tolling or equitable tolling under California law, the undersigned recommends that defendant's motion for summary judgment be granted and the Clerk of the Court be directed to close the case.

////

////

---

[3] For example, the "critical question" in the second prong is "whether notice of the first claim affords the defendant an opportunity to identify the sources of evidence which might be needed to defend against the second claim." Cervantes, 5 F.3d at 1276 (quoting Collier v. City of Pasadena, 142 Cal. App. 3d 917, 925 (Cal. Ct. App. 1983)).

Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice (ECF No. 57-2) is GRANTED.

Additionally, IT IS RECOMMENDED that defendant's motion for summary judgment (ECF No. 57) be GRANTED and the Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE